IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| JAMES CALVIN ROBERTSON )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>R.N. D. DAMERON et al., )<br>    Defendants. ) | Civil Action No. 7:22-cv-00086<br><br>MEMORANDUM OPINION & ORDER<br><br>By:   Joel C. Hoppe<br>        United States Magistrate Judge |

James Calvin Robertson, a Virginia inmate appearing pro se, filed this action under 42 U.S.C. § 1983, alleging that two medical providers at Augusta Correctional Center violated his Eighth Amendment right against cruel and unusual punishment by not properly caring for Robertson's injured jawbone. *See* Compl. 2, ECF No. 1.[1] Defendants Derinda Dameron, R.N., and Kyle Smith, M.D., moved to dismiss the action under Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure because Robertson served each of them with a summons, but not a copy of his complaint, before his service deadline expired on June 1, 2022. ECF No. 11; *see* Defs.' Br. in Supp., ECF No. 12. In response, Robertson asked the Court to extend his Rule 4(m) deadline and give him another opportunity to properly serve his complaint on Defendants. *See* ECF No. 14. Defendants oppose that request. ECF No. 18.

I. The Legal Framework

Rule 4 governs service of process in federal district courts. "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature or seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b); *see* Fed. R. Civ. P. 4(a)(1)(A)–(G) (listing a summons's required contents). "A summons must be served with a copy of the complaint. The plaintiff is

---

[1] The case is before me by the parties' consent under 28 U.S.C. § 636(c). ECF Nos. 17, 19.

responsible for having the summons and complaint served [on each named defendant] within the time allowed by Rule 4(m),"[2] Fed. R. Civ. P. 4(c)(1), and in the manner required by Rule 4(e)–(j), as applicable. *See generally Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350–51 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant. Accordingly, one becomes a [defendant] officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time which the party served must appear and defend." (citations omitted)).

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see generally Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022) ("[W]e hold that under Rule 4(m), a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule. And if the plaintiff is able to show good cause for the failure, then the court *must* grant the extension."). Rule 12(b)(5) authorizes motions to dismiss the action against a named defendant because plaintiff's "service of process"—i.e., the mode of delivery or lack of delivery—on that defendant was "insufficient," Fed. R. Civ. P. 12(b)(5), under Rule 4. *See Smith*

---

[2] The plaintiff also "must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). The court is not required to specially appoint a person to assist the plaintiff in serving process unless "the plaintiff [has been] authorized to proceed in forma pauperis under 28 U.S.C. § 1915[.]" Fed. R. Civ. P. 4(c)(3). Robertson prepaid the $402 civil filing fee and did not seek leave to proceed under § 1915. *See* ECF No. 5.

*v. McCarthy*, Civ. No. ELH-20-419, 2021 WL 4034193, at *27–28 (D. Md. Sept. 3, 2021); *Brown-Thomas v. Hynie*, 367 F. Supp. 3d 452, 460–61 (D.S.C. 2019).

"Where a defendant raises a Rule 12(b)(5) challenge to sufficiency of service, the plaintiff bears the burden to establish that service of process conformed with Federal Rule of Civil Procedure 4." *Rice v. Alpha Sec., Inc.*, 940 F. Supp. 2d 321, 325 (E.D. Va. 2013), *vacated on other grounds*, 556 F. App'x 257, 261–62 (4th Cir. 2014). "[T]he real purpose of service of process is to give notice to the defendant[s]," *Karlsson v. Rabinowitz*, 318 F.2d 666, 669 (4th Cir. 1963), that the plaintiff has sued them and that they "must appear and defend" against the action within a specified time, *see Murphy Bros.*, 526 U.S. at 351. Thus, "[t]o the extent that there is any rule or guide to be followed by the federal courts in such a case it is that where actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of Rule 4[] should be liberally construed to effectuate service," *Karlsson*, 318 F.2d at 668, so "mere technicalities [will] not stand in the way of consideration of a case on its merits," *Scott v. Md. St. Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316–17 (1988) (other quotation marks omitted)). "'Actual notice,' however, is not the controlling standard," *Scott*, 673 F. App'x at 304 (citing *Mining Energy, Inc. v. Dir., Office of Workers' Comp. Programs*, 391 F.3d 571, 576 (4th Cir. 2004)), and Rule 4's "plain requirements for the means of effective service of process may not be ignored," *Armco, Inc. v. Penrod-Stauffer Bldg. Sys, Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Ultimately, "[t]he propriety of dismissal under Rule 12(b)(5) is left to the sound and broad discretion of the court." *Walker v. Prince George's Cnty.*, No. TDC-15-2274, 2016 WL 1572866, at *2 (D. Md. Apr. 18, 2016) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)); *accord Scott*, 673 F. App'x at 304 ("We review a district court's decision for abuse of

3

discretion where, as here, it dismisses a [complaint] for improper service of process under Rule 12(b)(5).").

## II. Background & Procedural History

Robertson initiated this § 1983 damages action in February 2022. His two-page complaint, ECF No. 1, was conditionally filed on February 14, 2022. ECF No. 2; *see* 28 U.S.C. § 1915A(a). On March 3, 2022, the filing fee was paid and the oral order of service was entered, ECF No. 5, meaning that Robertson's Rule 4(m) deadline ran from this date. *Cf. Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2022) (prisoner-plaintiff's Rule 4(m) deadline ran from the date on which the court authorized service of process under 28 U.S.C. § 1915). A staff note entered the same date indicates that the Clerk's Office mailed Robertson "Information Regarding Service of Process," which provided detailed instructions on how to serve an individual defendant under Rule 4, as well as blank summons forms. *See* Staff Note of Mar. 3, 2022. The instructions made clear that Robertson needed to serve both a "summons and complaint" on each named Defendant within 90 days of March 3, 2022. *See id.* (emphasis omitted). They also explained how he could obtain the necessary copies of his complaint. *Id.* Robertson returned proposed summonses directed to "Nurse Dameron" and to "Dr. K. Smith," both of whom could be served at Augusta Correctional Center ("Augusta") in Craigsville, Virginia. ECF No. 6. The Clerk's Office issued these summonses on April 12, 2022. *Id.*[3] There is no indication that Robertson requested copies of his complaint. *See* Staff Note of Mar. 3, 2022; Admin. P. for

---

[3] Each summons is signed by the clerk and bears this Court's seal, names the court and the parties, lists this case's civil action number, is directed to the named defendant at a physical street address, states that "a lawsuit has been filed against" that defendant, provides Robertson's name and address, states the time within which the defendant must appear and defend, and notifies the defendant that failure to appear and defend will result in a default judgment against him or her for the relief demanded in the complaint. *Id.*; *see generally* Fed. R. Civ. P. 4(a)(1)(A)–(G).

Filing, Signing & Verifying Pleadings & Papers by Elec. Means § D(3) (pro se litigation) (W.D. Va. 2020).

Robertson's deadline to serve each named Defendant was June 1, 2022. On May 3, the Clerk's Office entered a staff note indicating that Robertson's mother had "called several times" to report that Robertson "mailed her service paperwork so she could serve," but the "[p]leadings have not arrived." Staff Note of May 3, 2022. The Clerk agreed to send her copies of the "Summons[es] Issued [and] Complaints," but cautioned that the Court had "no control over the USPS" once these documents were in the mail. *See id.* Nothing indicates that the Clerk mailed the summonses separately from the copies of Robertson's complaint. *See id.*

The Augusta County Sherriff's Office ("ACSO") received both summonses on May 26, 2022. *See* ECF No. 20, at 2, 6. Each named Defendant concedes that they "received" their respective summons on May 26, 2022, although neither individual explains how they obtained them or from whom. *See* Defs.' Br. in Supp. 1 ("On May 26, 2022, Kyle Smith MD and Derinda Dameron (Lokey), RN received a summons only." (citing Defs.' Ex. A, ECF No. 12-1)). On June 15, 2022, the named Defendants, appearing through counsel, moved to dismiss the action under Rule 12(b)(5). They argued that Roberson failed to properly serve them within the time allowed by Rule 4(m) because the summonses were not served with a copy of the complaint, as Rule 4(c)(1) expressly requires. *See id.* at 2–3. Neither individual challenged the mode or method of delivery under Rule 4(e). *See generally id.*

On July 5, Robertson filed a response explaining why he thought Defendants did not get a copy of his complaint with their summonses. Pl.'s Resp. in Opp'n 1, ECF No. 14. Because Robertson is incarcerated, he had been relying on his mother, Linda Robertson, to handle "much of the clerical duties" in his case, including "copy[ing] all materials, then forward[ing] them to

5

the necessary parties." *Id.* "Due to a need to reissue the documents for the summons, the claims were sent to Mrs. Robertson separately. Apparently, she never received the claims [(complaint)] copies meant for the defendants. Upon receiving the signed and stamped summons[es], she was under the impression that she had all the documentation necessary for the process server, and forwarded everything to the Augusta County Sheriff's Department." *Id.* at 1–2. From Robertson's perspective, it was "clear that the copies of the claims [(complaint)] meant for the Defendants were lost in the mail." *Id.* Appearing to recognize his error, however, Robertson "already had new copies" of his complaint "made and [had] forward them to be served immediately." *Id.* at 2.

On July 15, 2022, an ASCO employee sent the Clerk's Office in Roanoke an envelope containing copies of Robertson's two-page complaint and copies of "summons[es] that ha[d] been served to . . . Nurse Dameron [and] Dr. K. Smith," ECF No. 20, at 17, earlier that same day, *see id.* at 1–4, 5–8. She noted that Robertson's complaint was "not included in the first summons for each of the defendants." *Id.* at 17. The enclosed Proofs of Service indicate that an ASCO Deputy "served the summons" directed to Nurse Dameron and Dr. Smith, respectively, "on Vicki Moran, who is designated by law to accept service on behalf of Augusta Corr[ectional] Center." *Id.* at 1, 5 (parenthetical instructions omitted). The named Defendants respond that Ms. Moran is not authorized to accept service of process for them personally. Defs.' Reply 2, ECF No. 21.

III. Discussion

In all civil cases, "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Robertson concedes he did not have the "summons and complaint" served on each

6

named Defendant before his Rule 4(m) deadline expired on June 1, 2022. Additionally, although he speculated that the copies of his complaint were "lost in the mail," Pl.'s Resp. in Opp'n 1–2, it was Robertson's responsibility to make sure the process server had all the necessary documents to serve process on his behalf. *Cf. Riviera v. City of Chesapeake*, No. 4:22cv7, 2022 WL 4357437, at *2 (E.D. Va. Sept. 20, 2022) (finding service of process insufficient where plaintiff's counsel "inadvertently" failed to attach a copy of complaint to summons served on named defendant before 90-day deadline expired, but did not realize the oversight until after the deadline when that defendant moved to dismiss under Rule 12(b)(4)–(5)).

Nonetheless, Robertson "is proceeding pro se and [he] clearly made an effort to comply with the rules," *Smith*, 2021 WL 4034193, at *28, despite the limited resources available to him in prison, *see* Pl.'s Resp. in Opp'n 1. Moreover, each named Defendant concedes that on May 26, 2022, they received summonses notifying them that Robertson filed a lawsuit against them in this Court, stating that they must serve Robertson with "an answer to the attached complaint or a motion under Rule 12" within twenty-one days, and warning them of the consequences if they failed to do so, ECF No. 20, at 2, 6. *See generally* Fed. R. Civ. P. 4(a)(1)(A)–(G). The summonses provided "clear notice of the necessity to respond" to Robertson's pending lawsuit, *Armco, Inc.*, 733 F.2d at 1089, even though the named Defendants could not yet answer or otherwise defend against Robertson's specific claims for relief in his complaint, *see* Fed. R. Civ. P. 8(a)–(c), 12(b), (e). Accordingly, because Robertson's efforts to serve process on each named Defendant gave them "actual notice of the pending action" before June 1, 2022, *Miller v. Balt. City Bd. of Sch. Comm'rs*, 833 F. Supp. 2d 513, 516 (D. Md. 2011), the Court declines to dismiss the action under Rule 12(b)(5). *See, e.g.*, *Smith*, 2021 WL 4034193, at *28.

*

If Robertson "shows good cause for [his] failure" to properly serve each named Defendant on or before June 1, 2022, then this Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see Gelin*, 35 F.4th at 220. Even if Robertson cannot show good cause for that failure, however, the Court has "discretion to grant [him] an extension of time to serve [each] defendant with the complaint and summons," *Gelin*, 35 F.4th at 220, so his case may proceed on the merits. "Because the question of what constitutes 'good cause' necessarily is determined on a case-by-case basis within the discretion of the district court, courts have declined to give it a concrete definition, preferring to analyze a number of factors." *Scott*, 673 F. App'x at 306. Here, such circumstances include Robertson's reasons for the delay, and whether those reasons were within his control; the length of the delay, and whether Robertson "acted diligently or made reasonable efforts" to fix his error; the fact that Robertson is a prisoner appearing pro se, but he is not proceeding in forma pauperis; whether the named Defendants will be prejudiced if the court grants Robertson a retroactive extension to serve process; and the fact that Robertson did not "ask[] for an extension under Rule 6(b)(1)(A)" before his service deadline expired, but he did ask for extension a few weeks after the fact. *See id.*

Robertson's status as a pro se prisoner does not excuse his failure to properly serve the named Defendants. *See id.* Moreover, no evidence shows that the Clerk mailed Mrs. Robertson copies of the complaint and the summonses under separate cover, which might have supported Robertson's assertion that the copies of his complaint "were lost in the mail," even though the summonses made it to Mrs. Robertson's house, *see* Pl.'s Resp. in Opp'n 1–2. Rather, it appears Robertson simply failed to inform his mother that she needed to give the ACSO both the summons and a copy of his complaint so those documents could be served together. Nonetheless, Robertson acted relatively quickly to fix his error once defense counsel brought it to his attention

8

in mid-June 2022, *see Riviera*, 2022 WL 4357437, at *3, and the Court is not persuaded the named Defendants would be prejudiced if Robertson has one last chance to properly serve them with a summons and copy of his complaint.

Although the parties have not directly addressed the issue, it appears that Robertson's second attempt to serve the Defendants by having process delivered to Ms. Moran at Augusta was not proper as Robertson failed to show Moran was legally authorized to accept service for either Defendant in his or her personal capacity, Defs.' Reply 2. *See* Fed. R. Civ. P. 4(e).

Accordingly, the Court will grant Robertson a permissive extension until **May 31, 2023**, to serve process on each named Defendant. Within fourteen (14) days of entry of this Order, counsel for Defendants shall file and serve Robertson with either a waiver of service for Defendants, *see* Fed. R. Civ. P. 4(d)(2), or a notice identifying the person(s) at Augusta who are authorized to accept service of process on behalf of the Defendants.

## IV. Conclusion

For the foregoing reasons, the named Defendants' Motion to Dismiss for Insufficient Service of Process, ECF No. 11, is **DENIED**. The Clerk is directed to send certified copies of this Memorandum Opinion & Order to the pro se Plaintiff and to the named Defendants' counsel of record.

ENTER: March 31, 2023

Joel C. Hoppe
U.S. Magistrate Judge